UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLAN VIRGO, | No. 2:15-cv-1518 MCE KJN P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding through counsel. Petitioner's motion for stay was noticed for hearing on April 28, 2016, before the undersigned. As discussed below, petitioner's motion for stay is denied without prejudice, and the hearing is vacated.

I. Background

On July 15, 2015, petitioner's counsel filed his federal petition, challenging his 2010 conviction, entered in the Placer County Superior Court, on ten counts of premeditated attempted murder of ten peace officers, ten counts of assault with a firearm and personally using a firearm against the same officers, and two counts of being a felon in possession of firearms. (Respondent's Lodged Document ("LD") 1 at 2.) On December 1, 2010, petitioner was sentenced to 46 years and eight months plus 75 years to life in state prison. (Id.)

On November 24, 2015, respondent filed an answer and lodged the trial court record. On January 27, 2016, the court granted petitioner's two requests for extensions of time to file a

1

traverse, but warned counsel that no further extensions of time would be granted. (ECF No. 16.) On February 23, 2016, petitioner filed a motion to stay this action and hold it in abeyance pending his return to state court to exhaust administrative remedies for an ineffective assistance of trial counsel claim. Respondent filed an opposition to the motion for stay on April 14, 2016. No reply was filed.

II. Petition for Writ of Habeas Corpus

The federal habeas petition contains five claims: insufficient evidence that petitioner had the specific intent to kill; insufficient evidence of deliberation and premeditation; the trial court prejudicially abused its discretion when it allowed the prosecutor to introduce the inflammatory Hell's Angels evidence; Jolene Truschke's testimony that petitioner was a suspect in a killing was incurably prejudicial; and alleges the cumulative prejudicial effect of all four errors. (ECF No. 1.) Petitioner has exhausted his state court remedies as to these five claims.

It appears that petitioner timely commenced this federal habeas action within the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2244(d). Specifically, this action was filed on July 15, 2015, within the one-year period after petitioner's judgment of conviction and sentence became final on July 15, 2014.[1] See 28 U.S.C. § 2244(d)(1)(A) (one-year limitations period commences with "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

////

---

[1] On January 24, 2014, the California Third District Court of Appeal reversed five counts of attempted murder for insufficiency of the evidence and affirmed the judgment in all other respects. (LD 3 at 20.) Petitioner's sentence remained the same because the trial court sentenced him to concurrent time for the same five counts. (LD 3 at 15.) Petitioner filed a petition for review in the California Supreme Court on January 30, 2014, and that petition was denied on April 16, 2014. (LD 4-5.) Because petitioner did not file a petition for writ of certiorari in the United States Supreme Court, the judgment became final upon expiration of the ninety-day period for seeking a writ of certiorari. See Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, petitioner's judgment of conviction and sentence became final on July 15, 2014, ninety days after the California Supreme Court denied review on April 16, 2014. Petitioner filed no state petitions for writ of habeas corpus in state court, so no additional statutory tolling is available.

### III. Motion for Stay and Abeyance

Petitioner seeks to have his fully exhausted federal habeas petition stayed and these proceedings held in abeyance while he exhausts his new ineffective assistance of counsel claim.

Petitioner's counsel states that on January 21, 2016, one of the trial witnesses informed her that petitioner was not a member of the Hell's Angels. Counsel avers that this information surprised her because she had assumed petitioner was a member of the Hell's Angels based on Detective Paul Long's testimony at trial. (ECF No. 17 at 9.) On or about February 19, 2016, the first available date she could meet with petitioner at Corcoran, petitioner confirmed that he is not a member of the Hell's Angels, and that the Hell's Angels do not consider him to be a member. (Id.) Counsel states that at trial, Detective Long testified that petitioner told Long about a year prior to the criminal incident that petitioner was a member of the Hell's Angels, and specifically, a member of the Filthy Few, allegedly a subset of the Hell's Angels responsible for enforcement. She avers that trial counsel offered no witnesses to rebut Long's testimony, and argues that the jury was left to believe that petitioner was a member of the Hell's Angels. (ECF No. 17 at 10.) Petitioner was not charged with any gang enhancement. Counsel argues that the Hell's Angels membership information prevented petitioner from receiving a fair trial, and the failure to provide rebuttal evidence as to such membership left the jury to believe petitioner was a member of the Hell's Angels. Petitioner provides a copy of a September 1, 2010 article from the Auburn Journal in which the jury foreman was quoted as stating petitioner was in Hell's Angels, and considered them to be a dangerous group. (ECF No. 17 at 10; 17-1 at 2-3.) Counsel states that on February 23, 2016, she spoke with the investigator on petitioner's underlying case, Larry DeMates, who confirmed that it was his belief petitioner was not a member of Hell's Angels. (ECF No. 17 at 10.) Mr. DeMates could offer no explanation as to why no evidence was presented to rebut this information. (Id.)

Petitioner argues that good cause exists to stay this action because petitioner will run the risk of forever losing the opportunity for any federal review of his new, potentially meritorious claims. Petitioner argues that the ineffective assistance of his trial counsel constitutes good cause because petitioner did not knowingly fail to raise any of the pending claims or his claim that trial

3

counsel was ineffective.  (ECF No. 17 at 7.)  Petitioner argues that his claim that trial counsel was ineffective for failing to represent him will supply the "good cause" and "prejudice" necessary for the California Supreme Court to review the merits of petitioner's unexhausted claim.

Petitioner contends that his ineffective assistance of counsel claim is potentially meritorious because trial counsel "failed to provide [petitioner] adequate and appropriate representation."  (ECF No. 17 at 7.)  Petitioner adds that post-conviction counsel also "failed to properly present his claims and allowed the post-conviction evidentiary hearing to end without a full presentation of the available evidence."  (Id.)  Petitioner argues that there is a reasonable probability that had petitioner's prior counsel performed effectively the results of his case would have been more favorable.  (ECF No. 17 at 8.)

Finally, petitioner argues that petitioner has not engaged in dilatory or delaying tactics in this court or any of his state court proceedings.  (Id.)

In addition to the stay, petitioner seeks an extension of time to file a traverse pending resolution of her motion for stay.

In opposition, respondent contends that granting a stay is futile because petitioner's unexhausted claim is time-barred.  Respondent contends that the federal statute of limitations expired on July 15, 2015, and petitioner's proposed new claim does not relate back to the claims raised in the original petition because petitioner did not cite Strickland v. Washington, 466 U.S. 668 (1984), or allege an ineffective assistance of counsel claim.  (ECF No. 18 at 4.)  Moreover, respondent argues that the proposed ineffective assistance of counsel claim does not relate back to petitioner's claims of insufficient evidence or improper admission of discrete testimonial evidence.  (ECF No. 18 at 4.)  Respondent argues that the stay sought by petitioner does not allow petitioner to add a time-barred claim.

In addition, respondent argues that petitioner failed to demonstrate good cause because the fact that on January 21, 2016, counsel first learned petitioner was not a member of Hell's Angels "does not provide sufficient evidence why this is a reasonable excuse to justify his failure to exhaust."  (ECF No. 18 at 5.)  Respondent points out that petitioner himself knew about this information; thus, the 2010 trial transcripts and newspaper article should have provided the

predicate factual basis for the proposed ineffective assistance of counsel claim. Moreover, respondent contends that because Detective Long's testimony was offered solely to determine the lawfulness of the force used to arrest petitioner, and not for its truth, petitioner fails to demonstrate the failure to rebut this testimony constitutes a meritorious ineffective assistance of counsel claim.

Finally, respondent argues that "there is an indication of dilatory litigation tactics because petitioner filed the motion to stay on February 23, 2016, the day before the traverse was due, despite the court's prior admonition that no further extensions of time to file a traverse would be granted. (ECF No. 18 at 5.)

B. Stay and Abeyance Procedures

There are two procedures available to federal habeas petitioners who wish to proceed with both exhausted and unexhausted claims. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," outlined it in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. If a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one

for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41. See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). A district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at, 278. Under the Rhines procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal petition. See King, 564 F.3d at 1140. However, the Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

In early 2014, the Ninth Circuit addressed the issue of good cause under Rhines:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78....

> The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278. . .).
>
> Similarly, our cases on the meaning of good cause under Rhines are also sparse. In Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary circumstances." Id. at 661-62. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Id. at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. Id.

Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. at 982. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84.

"[B]oth Kelly and Rhines are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136. The Ninth Circuit has identified important distinctions between the two procedures:

> Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed.

King, 564 F.3d at 1139-40, citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). "Rhines applies to stays of mixed petitions, whereas the three-step procedure [under Kelly] applies to stays of *fully exhausted* petitions. . . ." Jackson, 425 F.3d at 661.

C. Discussion

In the instant motion, petitioner seeks a stay under Rhines. However, the court has the

discretion to stay a "mixed petition," not a fully exhausted petition. Thus, as presently pled, a stay under <u>Rhines</u> is not available. Moreover, respondent has filed an answer. Thus, if petitioner elects to renew his motion under <u>Rhines</u>, petitioner must file a motion to amend, along with a proposed amended federal petition containing all of his exhausted and unexhausted claims. Fed. R. Civ. P. 15(a). Because petitioner failed to submit a proposed amended petition, the court is unable to determine whether the proposed new claim or claims are potentially meritorious, or relate back to any of the claims contained in the original petition.

In addition, if petitioner elects to proceed under <u>Rhines</u>, he must file a renewed motion for a stay and abeyance setting forth sufficient facts and information to satisfy the requirements of <u>Rhines</u> discussed above. Here, petitioner's counsel argues that she only learned on January 21, 2016, that petitioner was not a Hell's Angels member. However, petitioner concedes that he knew he was not a Hell's Angels member, and the investigator who worked on the criminal trial for the defense confirmed that it was his belief that petitioner was not a member of Hell's Angels. Because it appears that petitioner was aware of the factual predicate of his gang membership at the time of trial,[2] and the investigator's knowledge raises an inference that defense counsel may also have been aware, petitioner must explain how the alleged delay in current habeas counsel's knowledge of this fact can constitute good cause under <u>Rhines</u>.

The Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." <u>Rhines</u>, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. <u>Id.</u> Moreover, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. <u>Id.</u> at 277-78. Therefore, petitioner's motion for stay and abeyance must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2)

---

[2] <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing such additional claims.

Because petitioner's original federal habeas petition is exhausted, petitioner is permitted to seek a stay of his fully exhausted petition under the Kelly procedure. However, petitioner may encounter an issue with respect to the timeliness of any amended federal petition he seeks to file in the future. As discussed above, under the Kelly procedure, petitioner runs an increased risk that his unexhausted claims will not "relate back" to his original federal petition and will be time-barred when he returns from state court. See Mayle, 545 U.S. at 644; King, 564 F.3d at 1141 ("the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim"). In the opposition to the motion for stay, respondent argues that petitioner's new claim is time-barred and also does not relate back to the original claims, and therefore it would be futile for the court to grant a stay. Petitioner did not address such issues in the motion, and did not file a reply. If petitioner elects to renew the motion for stay under Kelly, petitioner must address whether a stay under Kelly can be granted if the proposed new claims are time-barred and do not relate back to the claims raised in the original petition. On the other hand, respondent must address whether the court is required to grant a Kelly stay. See Robbins, 481 F.3d at 1149 n.4 ("we do not alter the 'strong preference' in favor of granting the Kelly procedure, if requested by the petitioner, 'when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period,' Kelly, 315 F.3d at 1070.").

Finally, petitioner is granted an extension of time in which to file a traverse. If petitioner opts not to pursue a renewed motion for stay, petitioner shall file his traverse within thirty days from the date of this order. If petitioner chooses to renew the motion for stay, the court will address the filing of the traverse after resolution of the renewed motion for stay.

In light of this order, the April 28, 2016 hearing is vacated. If petitioner elects to renew the motion for stay, counsel need not notice the motion for hearing. Once the motion is fully briefed, if the court deems oral argument necessary, the motion will be set for hearing at that

time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay (ECF No. 17) is denied without prejudice;

2. The April 28, 2016 hearing before the undersigned is vacated; and

3. Within thirty days from the date of this order, petitioner shall file either a renewed motion for stay, or a traverse.

Dated:  April 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/virg1518.mtsty.vac